# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRED HERR JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 7145 |
| ) | |
| CITY OF CHICAGO, ) | Honorable Ruben Castillo |
| a municipal corporation, ) | Magistrate Judge Keys |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fred Herr Jr. sued Defendant City of Chicago ("City") for discrimination under the Americans with Disabilities Act ("ADA"), claiming that: (1) the City failed to accommodate Herr's sleep apnea; and (2) the City retaliated against Herr for his participation as a union advocate. The City filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), claiming that Herr's charge of discrimination is time-barred and that the retaliation charge must be stricken because the alleged union advocacy claim was not included in Herr's original charge of discrimination. In the alternative, the City asks the Court to strike only those portions of Herr's complaint that are time-barred and those mentioning union advocacy. On July 11, 2006, pursuant to its authority under Rule 12(c), this Court *sua sponte* converted this into a summary judgment motion and gave Herr additional time to file any further legal or factual arguments in support of his claim. (R. 30.) Herr subsequently filed a surreply, (R. 31), and a motion to file a second amended complaint, (R. 34). For the reasons discussed below, the City's motion for summary judgment is granted in part and denied in part, and Herr's motion to file a

second amended complaint is denied.

## UNDISPUTED FACTS[1]

Herr was employed as a criminal history analyst with the Chicago Police Department ("CPD") from April 3, 2001, until his resignation on September 29, 2002. (R. 17, Answer at ¶ 1.) On January 20, 2002, Herr sent a letter to the City from his doctor, Sarah E. Neely, M.D., informing the City of Herr's obstructive sleep apnea and recommending that Herr work a five-day, day-shift position, followed by two days off. (R. 16, Amend. Compl. ¶ 10(a).) On February 26, 2002, the City offered Herr a choice of five-day schedules with two weekdays off. (*Id.* at ¶ 10(b).) Herr refused every option because none included an open weekend day. (*Id.* at ¶ 10(c).) Prior to March 1, 2002, Herr claims that he was a principal advocate for the unionization of his position. (*Id.* at ¶ 10(d).)

On March 18, 2002, the City restructured Herr's unit to the "power" shift, which changed Herr's workday from 6:00 a.m. - 2:00 p.m. to 8:00 p.m. - 4:00 a.m. (*Id.* at ¶ 10(e).) Dr. Neely sent a second letter to the City on March 20, 2002, requesting that Herr be assigned to a day schedule with one weekend day free. (*Id.* at ¶ 10(g).) That same day, Herr again informed the City of his sleep apnea, requested an accommodating work schedule, and went on a medical leave of absence. (*Id.* ¶¶ h, i.) On March 25, 2002, the City notified Herr that it required additional information regarding Herr's medical condition to process his accommodation request. (*Id.* at ¶ 10(j).) William P. Powers, Commander of Personnel Division, sent a letter to Herr and Dr. Neely requesting more information on Herr's obstructive sleep apnea on April 1, 2002. (*Id.*

---

[1] Although neither party filed a statement of facts in this case, the following undisputed facts were drawn from Herr's amended complaint and the City's answer to Herr's amended complaint.

2

at ¶ 10(k)). In response to the City's requests, Herr's new doctor, James L. Greco, M.D., sent a letter to the City on April 3, 2002, requesting a day-shift schedule to accommodate Herr's sleep apnea (*id.* at ¶ 10(m)), and Herr submitted a request for a day-shift accompanied by the medical opinions of Drs. Neely and Greco (*id.* at ¶ 10(n)). Also on April 3, 2002, Herr's position of criminal history analyst became a union position. (*Id.* at ¶ 10(l).) Dr. Greco submitted another letter to the City requesting a day shift schedule for Herr on June 17, 2002. (*Id.*, Ex. B.) Having heard nothing further from the City, at the end of Herr's allotted medical leave on September 29, 2002, Herr resigned from his position. (*Id.* at ¶ 10(q).)

## PROCEDURAL HISTORY

Herr filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") on January 24, 2003, checking the boxes under "cause of discrimination" for "disability" and "retaliation." (R. 19, Answer, Ex. B.) In describing the facts supporting his charge of discrimination, Herr described why he believed the City failed to accommodate his sleep apnea. (*Id.*) Herr received a Right to Sue letter from the United States Equal Employment Opportunity Commission ("EEOC") on September 27, 2005. (*Id.*, Ex. A.) On December 21, 2005, Herr sued the City and the CPD, alleging they violated the ADA by discriminating against Herr because of his sleep apnea. Herr filed an amended complaint on April 11, 2006, and voluntarily dismissed the CPD from this suit two weeks later.

## LEGAL STANDARDS

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. Pro. 56(c); *Smith v. Potter*, 445 F.3d 1000, 1006 (7th Cir. 2006). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the court views the record in the light most favorable to the non-moving party. *Smith*, 445 F.3d at 1006. A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 249 (citations and quotations omitted). Because employment discrimination cases often turn on issues of intent and credibility, this Court applies special scrutiny to the summary judgment standard. *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 875 (7th Cir. 2002).

## ANALYSIS

I. **ADA Claim**

   A. **Timeliness**

To state a claim of "failure to accommodate" disability discrimination, a plaintiff must initially allege the requisite adverse employment action: that he was discharged from his employment. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1032-33 (7th Cir. 1999). In this case, Herr alleges that he was forced to resign from his employment because the City failed to reasonably accommodate his obstructive sleep apnea. (R. 16, Amend. Compl. at ¶ 10(p).) The City, however, argues that Herr's failure to accommodate claim is time-barred because the alleged adverse action accrued 300 days or more before the filing of Herr's discrimination charge.

4

Because Illinois has its own anti-discrimination laws and a state agency (the IDHR) to investigate discrimination complaints, it is classified as a deferral state. *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). In a deferral state, a plaintiff has 300 days from the date of the alleged adverse employment practice to file a complaint with the EEOC. *Id.*; 42 U.S.C. § 2000e-5(e)(1). This 300 day period applies to claims brought under the ADA as well as under Title VII. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). Alleged discriminatory acts that do not fall within the relevant 300 day period are considered untimely and are precluded from consideration by the Court. *Koelsch v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995).

To establish the relevant time period, the Court must first determine the date on which a charge was filed with the EEOC and then count back 300 days. 42 U.S.C. § 2000e-5(e)(1). In this case, Herr filed his discrimination complaint with the IDHR on January 24, 2003. (R. 19-2, Ex. B.) Simultaneous with the filing of the IDHR charge, Herr filed a complaint with the EEOC.[2] (*Id.*) Counting back 300 days from January 24, 2003, establishes a relevant period start date of April 1, 2002. Thus, for Herr's claim to survive, the City's alleged adverse employment action against Herr—failure to accommodate Herr resulting in his forced resignation—must have occurred on or after April 1, 2002.

The City argues that Herr's accommodation claim accrued either on February 26, 2002—the date the City attempted to accommodate Herr's sleep apnea—or on March 19, 2002—the date the City switched Herr to the "power" night shift. (R. 19, Resp. at 5.) As these

---

[2] The IDHR charge of discrimination form includes pre-printed wording to reflect that its submission constitutes a simultaneous filing with the EEOC.

dates precede the April 1, 2002 cut-off date, the City claims that Herr's accommodation claim is time-barred and must be dismissed.

Herr counters that his cause of action arose after April 1, 2002, because the City did not reject his request for reasonable accommodation until after that date. Indeed, the City's Commander of Personnel Division sent a letter requesting more information on Herr's disability on April 1, 2002, the first date of the relevant time period for Herr's EEOC charge. (R. 16, Amend. Compl. at ¶ 10(k).) In response to the City's requests, Herr's doctor, Dr. Greco, sent letters to the City on April 3, 2002, and June 17, 2002, requesting a day-shift schedule to accommodate Herr's sleep apnea. (*Id.* at ¶ 10(m); *id.* at Ex. B). Having heard nothing further from the City, Herr resigned at the end of his allotted medical leave, on September 29, 2002. (*Id.* at ¶ 10(q)).

The Court agrees with Herr. The City's transfer of Herr to the night "power shift" was not an actionable adverse employment action as it did not amount to a rejection of Herr's request for accommodation and did not lead to Herr's resignation six months later. Indeed, if the March 18 transfer constituted an official decision not to accommodate Herr's accommodation requests, the City would have had no reason to request additional information on Herr's sleep apnea in late March and early April 2002. The City had attempted to accommodate Herr on February 26, 2002, but Herr rejected their recommendations. As such, Herr had no reason to believe his new request for accommodation in light of the change in his work schedule would be fruitless. Therefore, the Court finds that Herr's accommodation claim must have arisen sometime after April 1, 2002—when the City was still requesting more information on Herr's sleep apnea—and thus the accommodation claim is not time-barred.

## B. Continuing Violation

As Herr does not allege that the City committed an actionable adverse employment action prior to April 1, 2002, the continuing violation doctrine raised by Herr is inapposite.[3] The continuing violation doctrine provides three theories under which acts that fall outside of the statutory time period for filing charges under Title VII and the ADA may nevertheless be actionable under Title VII and the ADA.[4] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002); *see also Stepney*, 392 F.3d at 240 (analyzing continuing violation doctrine in ADA context). Nevertheless, while Herr does not allege that the events prior to April 1, 2002 are actionable adverse employment actions, they constitute relevant background evidence to Herr's accommodation claim. *Id.* at 113.

## II. Retaliation for Union Advocacy

The City claims that Herr waived his claim that he was retaliated against based on his union advocacy because he failed to raise this issue in his EEOC charge or in his complaint. Indeed, while Herr checked the box marked "retaliation" in his "Charge of Discrimination" filed with the IDHR and EEOC, he did not provide any factual support for checking the "retaliation" box in his two-page description of his charge of discrimination. (R. 19, Answer, Ex. B.) A plaintiff may not bring claims in a lawsuit that were not included in the EEOC charge. *Cheek v.*

---

[3] As complaints need not allege facts or legal theories, *Sanderson v. Culligan Intern. Co.*, 415 F.3d 620, 622 (7th Cir. 2005), Herr properly raised the continuing violation argument in his response brief.

[4] A continuing violation may exist where: (1) the employer makes employment decisions over time, rendering it difficult for the plaintiff to establish exact dates of discrimination; (2) the employer has an express discriminatory policy; or (3) discrete acts of discrimination are part of an ongoing pattern and at least one of the discrete acts occurred within the relevant limitations period. *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707 (7th Cir. 2002).

7

*Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). "A claim falls within the scope of the EEOC complaint if it is like or reasonably related to the charges in the EEOC complaint, and if it reasonably could have developed from the EEOC's investigation of the charges before it." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 476-77 (7th Cir. 1999) (quotations omitted).

Checking a box marked "retaliation," without providing any supporting facts, does not satisfy the requirement of filing a retaliation charge with the EEOC. In the sex discrimination context, the Seventh Circuit held that "[b]ecause an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Vela v. Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000) (citations omitted). The same holds true for an unsupported claim of retaliation: as Herr's EEOC charge nowhere described the basis or context of the alleged retaliation, the EEOC charge is not an adequate predicate for Herr's later claim of retaliation based on his alleged union advocacy. *See Mathews v. Columbia Coll. Chi.*, 435 F. Supp. 2d 805, 812 (N.D. Ill. 2006) ("Merely checking the box 'retaliation' on the charge is not enough to include any retaliation claim; the type of retaliation described in the EEOC charge must be the same as that described in the complaint."). A brief, general, open-ended charge would frustrate the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge, as well as "open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

Even assuming he could get around the failure to raise the retaliation claim in his EEOC filing, Herr failed to properly raise a claim of retaliation in his complaint. While the failure to

8

check a box in an EEOC complaint is a mere "technical defect," the Seventh Circuit has held that much more significant is the fact that the body of the plaintiff's complaint fails even to hint at retaliation, much less develop a factual basis for such a claim. *Cable*, 200 F.3d at 477. Here, the only references to retaliation in Herr's complaint are within the lone failure to accommodate claim, in which Herr states:

1. "Prior to March 1, 2002, the plaintiff was a principal advocate for having the criminal history analyst position specified as a union position;" and

2. "On April 3, 2002, the plaintiff's position of criminal history analyst within defendants instant update unit became a union position."

(R. 16, Amend. Compl. at ¶¶ 10(d), 10(l).) Nowhere does Herr allege that his advocacy for a union position was a factor behind the City's alleged failure to accommodate his sleep apnea. Therefore, Herr's claim for retaliation based on his union advocacy is dismissed.

### III. Motion for Leave to File Second Amended Complaint

Herr asks this Court for leave to file a second amended complaint so that he may add a continuing violation theory under his failure to accommodate claim. Herr seeks to add the magic words that the discriminatory acts against Herr were committed "as part of a pattern of discrimination." (R. 34, Mot. to File Second Amend. Compl. at 1.) However, amending a complaint to add a legal theory is unnecessary as this Court can and has considered Herr's continuing violation theory despite the fact that the words "continuing violation" or "pattern of discrimination" do not appear on the face of Herr's first amended complaint. Herr's motion to file a second amended complaint is therefore denied. (R. 34.)

## CONCLUSION

For the reasons set forth above, the City's motion for summary judgment under Federal Rule of Civil Procedure 56 is granted in part and denied in part. (R. 19.) Herr's reasonable accommodation claim stands, but his claim for retaliation is dismissed. In addition, Herr's motion to file a second amended complaint is denied. (R. 34.)

Date: August 23, 2006    ENTERED:

Ruben Castillo
United States District Judge